UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS D. JOHNSON-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-3161-ACL |
| | ) |
| ST. LOUIS COUNTY DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Carlos D. Johnson-Bey, an inmate at the Algoa Correctional Center ("ACC"), for leave to commence this civil action without payment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.87. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his certified inmate account statement. (Docket No. 4). A review of plaintiff's account indicates an average monthly deposit of $9.33 and an average monthly balance of $0.44. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.87, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently an inmate at the ACC. He brings this action under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights during his incarceration at the ACC, the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), and the St. Louis County Department of Justice. Named as defendants are the St. Louis County Department of Justice; Corizon Medical; Missouri Department of Corrections; Correctional Officer Matthew Daniels, sued in both his individual and official capacity; St. Louis County Executive Steve Steiner, sued in his individual capacity; Tim Freeman; Nicole Massman; ERDCC Warden Terry Russell; Correctional Officer Gary Fenwick; Gail Maddox; Narendra Khengar; Deputy Division Director Jeff Norman; Lloyd

3

Russel; Correctional Officer Unknown Smith; Correctional Officer Unknown Cliff; and Correctional Officer Unknown Singleton. Other than defendants Daniels and Steiner, the complaint is silent about the capacity in which each defendant is sued. Where a complaint is silent about a defendant's capacity, the Court must interpret the complaint as including only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

In his complaint, plaintiff makes allegations against only six of the sixteen named defendants. Specifically, plaintiff alleges: (1) Matthew Daniels "sexually insulted, degraded and harassed" plaintiff in May and June of 2019 "by forcing [him] to get naked and perform humiliating acts involving [his] private areas" while incarcerated at the ERDCC; (2) Steve Steiner failed to keep the St. Louis County Detention Center "safe and sanitized" between September 15, 2017 and March 19, 2019 by permitting an inmate with tuberculosis to be housed in the general population causing plaintiff to contract the illness; (3) Tim Freeman violated his due process rights between May 15, 2019 and June 20, 2019 by denying him access to ERDCC camera footage and witnesses to support his Informal Resolution Request (IRR); (4) Nicole Massman, a nurse at ACC, refused to give him a tuberculosis culture test and declined to review his prescribed medications causing him severe pain in his prostate and internal bleeding; and (5) Gail Maddox and Narendra Khengar were "responsible for the lack of medical attention [he] received" at ACC by compelling him to "take conflicting medication." (Docket No. 1 at 5). Attached to plaintiff's complaint are numerous IRRs and grievance appeals he filed with both the ERDCC and ACC along with responses from the institutions. Plaintiff does not specify the relief he seeks, monetary or otherwise, from the Court.

**Discussion**

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court finds that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint.

**A. Deficiencies in Complaint**

First, the Court notes that plaintiff has failed to assert specific allegations and claims against ten of the sixteen named defendants. As a result, the St. Louis County Department of Justice, Corizon Medical, Missouri Department of Corrections, Terry Russell, Gary Fenwick, Jeff Norman, Lloyd Russel, Unknown Smith, Unknown Cliff, and Unknown Singleton are subject to dismissal for failure to state a claim.[1] "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but against whom no allegations of constitutional harm were made); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff failed to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); and *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Other than listing these defendants in the caption, plaintiff has not

---

[1] The complaint also fails to state a claim and is legally frivolous as to defendants St. Louis County Department of Justice and Missouri Department of Corrections, because neither is a suable entity under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that ""county jails are not legal entities amenable to suit"); *Lair v. Norris*, 32 Fed. Appx. 175 (8th Cir. 2002); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000).

set forth any facts indicating they were directly involved in or personally responsible for the alleged violations of plaintiff's constitutional rights.

Second, as to the six defendants that plaintiff does assert specific allegations against, he seems to be attempting to bring multiple claims occurring at different institutions over a two-year period that do not arise out of the same transaction or occurrence. These allegations brought under the same complaint are impermissible. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). For example, in the instant complaint, plaintiff's claim against Daniels for harassment is unrelated to his claim against Massman for not providing him with a tuberculosis culture test. Unrelated claims against different defendants belong in different suits, in part to ensure that prisoners pay the required filing fees.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. P. 18(a). Therefore, multiple claims against a single defendant are valid. That is, plaintiff may name one defendant and bring as many claims against that defendant as he desires.

**B. Order to Amend**

Because plaintiff is proceeding pro se, he will be allowed to file an amended complaint, according to the following instructions.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain

7

statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928

(8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

If plaintiff wishes to pursue additional claims against additional defendants, and the claims to not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s) on a separate complaint form and either pay the entire filing fee or file a motion for leave to proceed in forma pauperis.

C. **Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of

conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that plaintiff has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.87 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint within **twenty-one (21) days** of the date of this Memorandum and Order, according to the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 14th day of April, 2020.

                                                /s/ Abbie Crites-Leoni
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE